IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## JUAN A. HILL v. RANDY LEE, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-17-CR-153  Stacy L. Street, Judge**

_____

### No. E2018-00749-CCA-R3-HC

_____

The Petitioner, Juan A. Hill, appeals the habeas corpus court's dismissal of his petition for writ of habeas corpus. We conclude that the Petitioner's notice of appeal was untimely filed, and the interest of justice does not support waiver of the timely filing requirement. Therefore, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Juan A. Hill, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1997, the Petitioner was convicted of rape of a child and was sentenced to thirty-five years to be served consecutively to his sentence for a prior conviction. This court affirmed the Petitioner's conviction and sentence on direct appeal. *See State v. Juan Alfonso Hill*, No. 03C01-9710-CR-00441, 1999 WL 222370, at *1 (Tenn. Crim. App. Apr. 8, 1999), *perm app. denied* (Tenn. Sept. 20, 1999). The Petitioner subsequently sought post-conviction relief, which the post-conviction court denied. This court affirmed the denial of relief on appeal. *See Juan Alfonzo Hill v. State*, No. E2004-02915-CCA-R3-PC, 2005 WL 2276422, at *1 (Tenn. Crim. App. Sept. 19, 2005).

In 2011, the Petitioner filed a petition for writ of habeas corpus in which he alleged that his judgment of conviction was based on a defective indictment and failed to reflect pretrial jail credits. *See Juan A. Hill v. David Sexton, Warden*, No. E2012-02077-CCA-R3-HC, 2013 WL 357565, at *1 (Tenn. Crim. App. Jan. 30, 2013). The habeas corpus court dismissed the petition, and this court affirmed the dismissal on appeal, concluding that the Petitioner's claim of a defective indictment was without merit and that the Petitioner failed to attach the proper documentation to support his claim of entitlement to pretrial jail credits. *Id.* at *3.

In 2013, the Petitioner filed a second petition for writ of habeas corpus in which he again claimed entitlement to pretrial jail credits. *See Juan A. Hill v. David Sexton, Warden*, No. E2013-01579-CCA-R3-HC, 2014 WL 689690, at *1 (Tenn. Crim. App. Feb. 21, 2014). The habeas corpus dismissed the petition, and this court affirmed the dismissal on appeal, concluding that the Petitioner again failed to attach the proper documentation to support his claim. *Id.* at *2-3.

On November 21, 2017, the Petitioner filed a third petition for writ of habeas corpus in which he claimed entitlement to pretrial jail credits. The State filed a motion to dismiss, contending that the failure to award pretrial jail credits does not render a sentence illegal. On March 14, 2018, the habeas corpus court entered an order granting the State's motion and dismissing the Petitioner's petition. On April 12, the Petitioner filed a "Motion to Alter or Amend." On April 13, the habeas corpus court entered an order denying the Petitioner's motion. On April 24, the Petitioner filed a notice of appeal.

On appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition. The State responds that the appeal should be dismissed because the Petitioner failed to file a timely notice of appeal.

The Petitioner had thirty days after the date of entry of the habeas corpus court's judgment in which to file a notice of appeal. Tenn. R. App. P. 4(a). While the Petitioner filed a motion to alter or amend, such a motion only tolls a civil judgment and does not toll the time for filing a notice of appeal of a habeas corpus court's denial of habeas corpus relief. *See Shadeed Rasta v. Michael Donahue, Warden*, No. W2013-02100-CCA-R3-HC, 2014 WL 1410303, at *2 (Tenn. Crim. App. Apr. 9, 2014) (citing Tenn. R. App. P. 3(b), 4(b)(4)). The habeas corpus court filed its order dismissing the Petitioner's petition on March 14, 2018, and the Petitioner did not file a notice of appeal until April 24. Accordingly, the Petitioner's notice of appeal was untimely.

Tennessee Rule of Appellate Procedure 4(a) allows for this court to waive the timely filing requirement "in the interest of justice." This court considers "the nature of

the issues for review, the reasons for the delay in seeking relief, and other relevant factors" in determining whether waiver is appropriate. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). The Petitioner has the burden of establishing that waiver is appropriate. *State v. Kevin Montrell Thompson*, No. E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017), *perm. app. denied* (Tenn. Apr. 12,. 2017). The Petitioner did not request that this court waive the filing deadline. Furthermore, while the Petitioner maintains on appeal that his judgment is void because it does not reflect any pretrial jail credits, a "trial court's failure to award pretrial jail credits does not render the sentence illegal." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). The Petitioner does not otherwise claim that his sentence is expired, and a trial court's failure to award pretrial jail credits is "insufficient to establish a colorable claim for habeas corpus … relief." *Cory O'Brien Johnson v. State*, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. Aug. 30, 2016) (citing *Brown*, 479 S.W.3d at 213), *perm. app. denied* (Tenn. Dec. 15, 2016).

In light of the issues on appeal and the Petitioner's failure to present any basis upon which this court may conclude that the "interest of justice" merits a waiver, we decline to waive the late filing of the Petitioner's notice of appeal. Accordingly, we dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE